Wyatt M. Bailey (020356)
**MEAGHER & GEER, P.L.L.P.**
16767 N. Perimeter Dr., Ste. 210
Scottsdale, Arizona 85260
Telephone: (480) 607-9719
Facsimile: (480) 607-9780
wbailey@meagher.com
*Attorneys for American Strategic Insurance Corp.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

American Strategic Insurance Corp.,

Plaintiff,

vs.

Jodi MacKenzie and Keith MacKenzie, individually and on behalf of their minor child K.M.; Perry Huellmantel and Virginia Huellmantel, husband and wife,

Defendants.

Case No.

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff American Strategic Insurance Corp., for its Complaint against Defendants Jodi Mackenzie and Keith Mackenzie, individually and on behalf of their minor child K.M., Perry Heullmantel and Virginia Huellmantel, hereby alleges as follows:

**PARTIES AND JURISDICTION**

1. American Strategic Insurance Corp., ("ASI"), is a Florida corporation.

2. Jodi MacKenzie, Keith MacKenzie and K.M. ("MacKenzies") are residents and citizens of the State of Arizona.

3. Upon information and belief, Perry Huellmantel and Virginia Huellmantel ("Huellmantels") are residents and citizens of the State of Arizona and/or Michigan.

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

5. The citizenship of ASI is diverse from that of all defendants.

6. Any married defendants were acting for and on behalf of themselves individually and for their marital communities so that any acts were done for and on behalf of themselves and their respective marital communities and in furtherance thereof.

7. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Relevant to this matter, the Huellmantels seek defense and indemnity coverage from ASI for certain claims of acts of molestation to KM asserted against Perry Huellmantel, and negligent failure to prevent such molestation by Virginia Huellmantel (the "Claims").

8. ASI issued certain homeowners insurance policies to the Huellmentals, ASI has denied coverage for the Claims, and, upon information and belief, the defendants have threatened to stipulate to a judgment admitting the Huellmentals liability, stipulate to damages of $10,000,000, and assign the Huellmentals' rights under the ASI policy to the MacKenzies.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a). The MacKenzies and the Huellmantels reside in this district. Additionally, the events giving rise to this action occurred in this district.

## GENERAL ALLEGATIONS

10. Perry Huellmantel plead guilty to, and was convicted of, multiple crimes against K.M. arising from certain acts of molestation as set forth in Maricopa County Criminal Cause Number CR2019-118822-001 (the "Criminal Case"). See Exhibit A.

11. The Docket in the Criminal Case states that Perry Huellmental entered his initial appearance to face criminal charges on April 26, 2019. Only one criminal charge (Molestation of a Child 04/19/2019) was alleged to have occurred after 04/08/2019 and

prosecuted in the criminal case. See Exhibit A.

12. The MacKenzies filed a lawsuit against the Huellmantels on April 20, 2021, in the Maricopa County Superior Court, identified as Case Number CV2021-006434 (the "Underlying Complaint"). See Exhibit B.

13. The Underlying Complaint alleges that Perry Huellmental molested K.M between 2015 and 2019. See Exhibit B, ¶ 6.

14. The Underlying Complaint alleges that Virginia Huellmantel negligently failed to prevent Perry Huellmantel from molesting K.M. See Exhibit B, ¶ 8.

15. The Underlying Complaint alleges that the MacKenzies sustained damages as a result of the Huellmentals' alleged conduct, and assert that they are entitled to compensatory and punitive damages. See Exhibit B, ¶¶ 9-10.

16. On or around April 29, 2021, the Huellmantels tendered a copy of the lawsuit to ASI and demanded defense and indemnification.

17. ASI issued a HO3 Plus Policy that identifies Perry and Virginia Huellmantel as named insureds, identified as policy number AZA128747 ("Policy #1"). The Policy was initially in effect for the policy period 04/08/2019 to 04/08/2020. A certified copy of Policy #1 is attached as Exhibit C.

18. The Policy was subsequently renewed for two additional policy years (Policy #2 and Policy #3). The policy language relevant to this declaratory relief case is identical for each policy year, and Policy #1, Policy #2 and Policy #3 are collectively referred to as the "Policies". Certified copies of Policy #2 and Policy #3 are attached as Exhibits D & E, respectively.

19. Policies #1, #2, and #3 each extend liability coverage in the amount of $500,000 (Coverage E) per occurrence, and medical payments coverage (Coverage F) in the amount of $1,000 per person. See Exhibits C, D & E.

20. On or about May 20, 2021, ASI denied coverage for the allegations in the

Underlying Complaint and declined to defend or indemnify the Huellmantels. See Exhibit F.

21. Upon information and belief, the Defendants dispute ASI's coverage position, contend that coverage for the MacKenzies' claims exist under Policy #1, Policy #2 and/or Policy #3, and have threatened to execute a consent judgment whereby the Huellmantels will stipulate to liability and damages and assign their rights against ASI to the MacKenzies.

22. The Policies relevantly reads as follows:

**SECTION II – LIABILITY COVERAGES**

**COVERAGE E – PERSONAL LIABILITY**

If a claim or lawsuit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

**1.** Pay up to our limit of liability for the damages for which an "insured" is legally liable; and

**2.** Provide a legal defense at our expense by counsel of our choice.

**COVERAGE F – MEDICAL PAYMENTS TO OTHERS**

In the event of "bodily injury" due to an "occurrence", we will pay necessary medical expenses incurred within three years from the date of the "occurrence". Medical expenses means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, prosthetic devices and funeral services. This coverage does not apply to any "insured". This coverage applies only:

**1.** To persons on the "insured location" with the permission of an "insured"; or

**2.** To persons off the "insured location", if the "bodily injury" is caused by:

**a.** A condition on the "insured location" or the was immediately adjoining;

**b.** The activities of an "insured";

**c.** A "residence employee" in the course of the "residence employee's" employment by an "insured"; or

**d.** An animal to which coverage applies under this policy and that is owned by or in the care of an "insured" at the time of the "occurrence".

## SECTION II – EXCLUSIONS

## EXCLUSIONS APPLYING TO COVERAGE E

Coverage E does not apply to any of the following:

* * *

**Punitive Damages**

This policy does not provide any coverage for punitive or exemplary damages, fines or penalties in any amount regardless of how they are imposed. This exclusion includes, but is not limited to, those imposed by civil fine or penalty assessed or imposed under any code, statute, regulation or court order. This policy also does not provide any coverage for the cost of defense, including but not limited to attorney fees or costs, related to any such damages, fines or penalties.

* * *

## EXCLUSIONS APPLYING TO COVERAGES E AND F

Coverages E and F do not apply to any of the following:

* * *

**Expected Or Intended Injury**

"Bodily injury" or "property damage" which is expected or intended by an "insured" even if the resulting "bodily injury" or "property damage" is of a different kind, quality or degree than initially expected or intended or is sustained by a different person, entity, real or personal property, than initially expected or intended.

However, this exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force by an "insured" to protect persons or property.

* * *

**Sexual Molestation, Corporal Punishment Or Physical Or Mental Abuse**

"Bodily injury" or "property damage" arising out of sexual molestation, corporal punishment or physical or mental abuse.

* * *

**Illegal Or Criminal Acts**

"Bodily injury" or "property damage" resulting from any illegal or criminal act performed by, at the direction of, or in conspiracy with any "insured". This exclusion applies regardless of whether the "insured" is charged with a crime.

* * *

**DEFINITIONS**

In this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse if a resident of the same household. "We", "us" and "our" refer to the Company providing this insurance.

In addition, certain words and phrases appear in quotations and are defined as follows:

* * *

**"Bodily injury"** means physical harm to the body, including sickness or disease, and resulting death except that "bodily injury" does not include communicable diseases.

* * *

**"Occurrence"** means an accident, including exposure to harmful conditions, which results during the policy period, in:

**1.** "Bodily injury"; or

**2.** "Property damage".

> Repeated or continuous exposure to the same general harmful conditions is considered to be one "occurrence".
>
> Occurrence" does not include accidents or events which take place during the policy period which do not result in "bodily injury" or "property damage" until after the policy period.
>
> See Exhibits C, D & E.

* * *

**COUNT ONE**

**(Declaratory Judgment)**

**(No "Occurrence" During Policy Period - Defendants)**

23. ASI incorporates by reference all previous allegations as though fully set forth in this claim for relief.

24. The Policies provide coverage for "bodily injury" caused by an "occurrence." An "occurrence" is relevantly defined as an "accident" which "results during the policy period" in "bodily injury."

25. Policy #1 was in effect for the policy period 04/08/2019/04/08/2020.

26. Policy #2 was in effect for the policy period 04/08/2020 to 04/08/2021.

27. Policy #3 was in effect for the policy period 04/08/2021 to 04/08/2022.

28. The Underlying Complaint alleges that the Huellmentals are liable for acts of molestation and/or negligent failure to prevent the molestation of KM from 2015-2019.

29. The Policies do not provide coverage for "bodily injury" that occurred prior to the inception of the respective policy periods.

30. The Docket in the Criminal Case only identifies a single charge of molestation during Policy #1's policy period.

31. The Docket in the Criminal Case and the Underlying Complaint do not allege any molestation and/or negligent failure to prevent molestation in 2020 or 2021.

32. ASI is entitled to a judicial declaration that Policy #1, Policy #2 and Policy #3 do not provide coverage for any alleged "bodily injury" that occurred prior to the inception of the respective policy, and that it has no duty to defend or indemnify the Huellmentals with respect to any such allegation in the Underlying Complaint.

**COUNT TWO**

**(Declaratory Judgment)**

**(No "Occurrence" - Perry Huellmental)**

33. ASI incorporates by reference all previous allegations as though fully set forth in this claim for relief.

34. The Policies provide coverage for "bodily injury" caused by an "occurrence." An "occurrence" is relevantly defined as an "accident."

35. The Underlying Complaint, and Criminal Case, allege that Perry Huellmental molested K.M.

36. Perry Huellmental has been convicted of molesting K.M.

37. The Underlying Complaint does not allege, at least with respect to Perry Huellmental, that any bodily injury resulted from an "accident," as required by the insuring agreements of the Policies.

38. ASI is entitled to a judicial declaration that owes no duty to defend or indemnify Perry Huellmental in the Underlying Complaint as the allegations against him do not satisfy the insuring agreements of the Policies.

**COUNT THREE**

**(Declaratory Judgment)**

**("Expected or Intended Injury" Exclusion - Perry Huellmental)**

39. ASI incorporates by reference all previous allegations as though fully set forth in this claim for relief.

40. The Policies exclude coverage for "bodily injury" which is, "expected or intended by an 'insured' even if the resulting 'bodily injury' or 'property damage' is of a different kind, quality or degree than initially expected or intended or is sustained by a different person, entity, real or personal property, than initially expected or intended."

41. The Underlying Complaint, and Criminal Case, allege that Perry Huellmental molested K.M.

42. Perry Huellmental has been criminally convicted of molesting K.M.

43. Perry Huellmental's sexual molestation of K.M. and any resulting "bodily injury" is, as a matter of law, "bodily injury" that was "expected or intended" by Perry Huellmental.

44. ASI is entitled to a judicial declaration that owes no duty to defend or indemnify Perry Huellmental in the Underlying Complaint as the allegations against him do not satisfy the insuring agreements of the Policies.

**COUNT FOUR**

**(Declaratory Judgment)**

**("Sexual Molestation, Corporal Punishment or Physical Or Mental Abuse" Exclusion - Defendants)**

45. ASI incorporates by reference all previous allegations as though fully set forth in this claim for relief.

46. The Underlying Complaint, and Criminal Case, allege that Perry Huellmental molested K.M.

47. Perry Huellmental has been convicted of molesting K.M.

48. The Policies broadly exclude Liability and Medical Payments Coverage for, "'Bodily injury' or 'property damage' arising out of sexual molestation, corporal punishment or physical or mental abuse."

49. ASI is entitled to a judicial declaration that owes no duty to defend or indemnify Perry or Virginia Huellmental in the Underlying Complaint as the allegations assert "bodily injury" arising out of sexual molestation, corporal punishment or physical or mental abuse.

**COUNT FIVE**

**(Declaratory Judgment)**

**("Illegal Or Criminal Acts" Exclusion - Defendants)**

50. ASI incorporates by reference all previous allegations as though fully set forth in this claim for relief.

51. The Underlying Complaint, and Criminal Case, allege that Perry Huellmental molested K.M.

52. Perry Huellmental has been convicted of molesting K.M.

53. The Policies broadly exclude Liability and Medical Payments Coverage for, "'Bodily injury' or 'property damage' resulting from any illegal or criminal act performed by, at the direction of, or in conspiracy with any 'insured'. This exclusion applies regardless of whether the 'insured' is charged with a crime."

54. ASI is entitled to a judicial declaration that owes no duty to defend or indemnify Perry or Virginia Huellmental in the Underlying Complaint as the allegations assert "bodily injury" "resulting from" a "criminal act," performed by Perry Huellmental, who is an insured under the Policies.

**COUNT SIX**

**(Declaratory Judgment)**

**(Punitive Damages Exclusion – Defendants)**

55. ASI incorporates by reference all previous allegations as though fully set forth in this claim for relief.

56. The Policies includes a punitive damages exclusion which precludes coverage for the award of punitive or exemplary damages.

57. The Underlying Complaint seeks punitive damages from the Huellmentals.

58. ASI is entitled to a judicial declaration that it has no duty to indemnify the Huellmantels in connection with any punitive damage judgment or award.

**PRAYER FOR RELIEF**

WHEREFORE, ASI respectfully requests that this Court enter Judgment declaring that:

A. ASI did not, and does not, have any duty to defend the Huellmantels in connection with the Underlying Complaint.

B. ASI does not have a duty to indemnify the Huellmentals for any settlement or Judgment in connection with the Underlying Complaint.

C. ASI is entitled to its attorneys' fees and costs incurred in this action.

D. ASI is entitled to such other and further relief as the Court deems proper.

DATED this 21st day of September 2021.

MEAGHER & GEER, P.L.L.P.

By: */s/Wyatt M. Bailey*
Wyatt M. Bailey
16767 N. Perimeter Dr., Ste. 210
Scottsdale, Arizona 85260
*Attorneys for American Strategic Insurance Corp.*

CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2021, I electronically transmitted the attached documents to the clerk's office using the CM/ECF system for filing, and thereby transmitted a notice of electric filing to the following CM/ECF registrants:

Clerk of Court
U.S. District Court
District of AZ – Phoenix
401 W. Washington St., Ste. 130
Phoenix, AZ 85007

By: *[/s/Judy Mannino](#)*

6872827.1